UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM ARKOUB,

                Plaintiff,

                                            Case No. 08-CV-15072

vs.

                                            HON. GEORGE CARAM STEEH

WAL-MART STORES EAST, L.P.,

                Defendant.

_____/

ORDER GRANTING
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

       This premises liability action arises out of the slip and fall of plaintiff Sam Arkoub at a Wal-Mart store.  Plaintiff filed this action in Wayne County Circuit Court, and defendant removed the case pursuant to 28 U.S.C. §§ 1441(a) and 1445(a).  Plaintiff's claims fail for the reasons stated below, and defendant's motion for summary judgment is GRANTED.

<u>FACTUAL BACKGROUND</u>

       On July 13, 2008, Sam Arkoub was walking down an aisle with his shopping cart at the Wal-Mart store in Taylor, Michigan.  Arkoub walked away from his shopping cart to look at some items in the aisle.  After a few minutes, Arkoub returned to his shopping cart.  All of this occurred without incident.  Plaintiff proceeded to push his cart forward down the aisle.  As he was doing so, he slipped and fell on an oily substance and a plastic bag, which were on the white tiled floor.

After Arkoub fell, he observed some of defendants' employees picking up something from the area where he slipped that looked like a "bag with oil or some napkins with oil." There were other people in the aisle where the incident occurred who notified defendant of the incident. Arkoub testified that he does not know what caused him to fall, but he believes it was the oily substance on the floor.

Defendant's employees also found a white cup on the floor underneath the shelving unit near the area where plaintiff fell. The cup appeared to contain the same oily substance that was on the floor where plaintiff fell. Shortly after the incident, several of defendants' employees reviewed surveillance footage and observed Arkoub entering the store with a cup in his shopping cart that resembled the cup they found under the shelving unit in the aisle where Arkoub fell. The store sent the surveillance footage to the claims department at its corporate office and it was misplaced and to date has not been located.

Approximately five minutes before Arkoub was involved in the subject incident, defendant's employee Kimberly Michelin was in the same aisle, in the process of moving merchandise. Michelin had conducted visual inspections, known as "safety sweeps" of the aisle to make sure the floor was free from debris, spills and/or other materials. Michelin testified that during her safety sweep of the aisle she did not observe anything on the floor. (Michelin dep. at 25-27).

Approximately an hour prior to the incident, another employee, Gretchen Crynick, conducted a visual inspection of the floor and found it to be free of debris, spills and/or other materials. (Crynick dep. at 19-20).

Defendant moves for summary judgment for the reason that the evidence does not support a finding that defendant had knowledge of the oily substance on the floor or should have known about it before Arkoub fell on it.  Additionally, defendant contends that the oily substance and other materials in the aisle where Arkoub fell constituted an open and obvious condition and could have been avoided had Arkoub been paying attention to where he was walking.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

3

574, 587 (1986); <u>Redding</u>, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original); <u>see also</u> <u>National Satellite Sports, Inc. v. Eliadis, Inc.</u>, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 270 (1968); <u>see also</u> <u>McLean v. 988011 Ontario, Ltd.</u>, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  <u>Anderson</u>, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  <u>McLean</u>, 224 F.3d at 800 (citing <u>Anderson</u>, 477 U.S. at 252).

<u>ANALYSIS</u>

I. <u>Knowledge of the Unsafe Condition</u>

In order to prove that defendant was negligent, plaintiff must show defendant caused the unsafe condition or that defendant knew or should have known that the condition existed.  <u>Clark v. Kmart Corp.</u>, 465 Mich. 416; 634 N.W.2d 347 (2001).  Notice may be inferred from evidence that the unsafe condition existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discovery it.  <u>Id</u>.

4

There is no evidence that defendant caused the alleged dangerous condition.  It is unknown where the oily substance and plastic bag came from or how it got on the floor.  Additionally, there is no evidence that defendant had knowledge of the alleged dangerous condition or should have had knowledge of the condition before plaintiff encountered it.  Defendant's employee Kimberly Michelin testified that at least five minutes before plaintiff allegedly fell she inspected the floor in the same aisle and found it to be free of spills or debris.  An hour before the incident, according to employee Gretchen Crynick, the subject aisle was also free from spills or debris.

Plaintiff's sole argument in opposing this motion for summary judgment is that defendant's witness, Kimberly Michelin, was "guarded and hesitant in responding to questions, and her monosyllabic response to her counsel's leading questions cannot be taken as the ultimate truth."  Plaintiff argues that if a jury finds that Michelin either knew of the spill and failed to clean it up, or was responsible for causing the spill while she loaded and moved various items from the shelves in the aisle, then defendant would be liable for its employee's ordinary negligence, to which the open and obvious defense does not apply.  Laier v. Kitchen, 266 Mich. App. 482; 702 N.W.2d 199 (2005).  However, plaintiff does not point to any discrepancies in the testimony given by Michelin at her deposition, or between such testimony and some other evidence, which would support the allegation that she is not credible.

There is no evidence to suggest that defendant caused the spill, had knowledge of the spill, or should have known about the spill.  There is also no evidence indicating how the oily substance and plastic bag got on defendant's floor, or how long they were present before plaintiff fell.  On the contrary, there was evidence that one of defendant's

5

employees inspected the aisle one hour before the incident, and another inspected it

five minutes prior to the incident.  Neither employee saw the spill that caused plaintiff to

fall.

A plaintiff cannot avoid summary judgment by promising to produce admissible

evidence at trial.  Cox v. Ky. Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995).  The

non-moving party "cannot rely on the hope that the trier of fact will disbelieve the

movant's denial of a disputed fact but must 'present affirmative evidence in order to

defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford &

Co., 886 F.2d 1472, 1477 (6th Cir. 1989) (citation omitted).  In this case, plaintiff has not

produced any evidence opposing defendant's motion for summary judgment.

II.  Open and Obvious Condition

A premises owner is not liable to an invitee for conditions on the land which are

"open and obvious."  See Lugo v. Ameritech Corp. Inc., 464 Mich. 512, 517; 629

N.W.2d 384 (2001).  In determining whether a danger is open and obvious, the question

is whether an average person of ordinary intelligence would be able to discover the

danger and the risk presented upon casual inspection.  Id.  The spill in this case was

described as "oily" substance with a plastic bag in it.  The Michigan Court of Appeals

has held that the clear residue of crushed grapes on a white floor was open and

obvious.  Kennedy v. Great Atlantic & Pacific Tea Co., 274 Mich. App. 710 (2007).

There is no evidence regarding plaintiff's eyesight, or any obstructions to plaintiff's

ability to see the spill in this case.

In addition, the Michigan Supreme Court has held that if an injured person could

have traversed a different route to avoid the danger, then the hazard was not

6

unreasonably dangerous.  Lugo, 464 Mich. at 518.  Defendant's employees testified that there was room to safely walk around the oily substance and plastic bag.  (Chris Coffman, dep. 68-69; Kimberly Michelin, dep. 28-29; Gretchen Crynick, dep. 20-21; Patricia Snay, dep. 34-35).  The subject aisle is approximately 32 to 40 feet in length and 12 feet wide.  (Coffman dep. 26).  The evidence in this case supports a finding that an average person of ordinary intelligence would have observed the spill and plastic bag and could have walked safely around them.

Again, other than attacking the credibility of Michelin, the plaintiff has not produced any evidence opposing defendant's motion for summary judgment.

<u>CONCLUSION</u>

For the reasons stated above, defendant's motion for summary judgment is GRANTED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 30, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

7